## IN ADMIRALTY.—AUGUST, 1856.

---

### E. MOLL and G. REINERS, Assignees, &c. *vs.* BARK "GEORGE."

The Court allowed a second execution to issue against the property of a judgment debtor, although a levy had been made under the first execution, and it did not appear to be insufficient, the libellants having stated, under oath, that they had reason to believe that means would be taken to render their first levy abortive.

Motion to release the Schooner " Vaquero " from execution.

JUDGE ROBERTSON, acting as Chief Justice, delivered his decision as follows:

The court is asked to set aside the execution, under which the Marshal has levied on the interest of G. B. Post, J. A. Post, and E. H. Allen, in the Schooner " Vaquero," on the ground that the complainants have already, under the first execution, levied on the property of those parties in the Bark " Frances Palmer," being one quarter interest in that vessel, said to be worth $4,000, an amount more than sufficient to pay the judgment rendered against Post & Co.; and on the further ground that the issuing of the second execution is irregular, inasmuch as the first one has not yet been disposed of, and it does not appear that the first execution has been insufficient, or ineffectual.

I am not aware of the existence of any inflexible rule of law against the issuing of a second execution, in like circumstances with the present, or under which I ought to feel bound to set that execution aside; and it appears to me that in all such cases, it is a matter resting in the sound discretion of the court to say, whether the execution ought to be set aside or not.  In exercising its discretion, the court will not, in this case, nor in any other, do so arbitrarily, but prudently, with a view to the promotion of justice, and the prevention of injury, as far as possible.   And if it appeared that the issuing of the second execution was procured for the purpose of oppression, or of wantonly causing expense and trouble, to any party interested, I should feel bound to set it aside, and release the vessel at once.  But, in the present case any such inference as that, is repelled by the declaration of the complainants, under oath, that since the departure of the " Frances Palmer," they have learned what induces them to believe, " and they do verily believe," that all the interest of G. B.

Post in that vessel, will have been so disposed of, as to render their levy thereon abortive, and of no value. I consider this sufficient to justify the issuing of the second execution, and the motion to set it aside is refused.

Mr. Montgomery, proctor for libellants.

Mr. Harris, proctor for defendants.